[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This post judgment matter comes before the court on the defendant's motion for contempt dated January 24, 1995 (No. 140), and the plaintiff's motion for modification dated January 29, 1995 (No. 142). As the plaintiff was appearing pro se when these matters came before the court, counsel was appointed to represent him in the contempt proceeding.
The parties' marriage was dissolved in December of 1994 (Leheny J.). The memorandum of decision encompassed the issues raised by the plaintiff in his October 13, 1994 motion for modification of pendente lite orders due to the loss of his employment on October 7, 1994. The temporary orders in effect until the December 30, 1994 judgment of dissolution were entered on March 29, 1993 (Riefberg, J.). Pursuant to those orders, the plaintiff was obligated to maintain medical insurance for the benefit of the minor children. He was to pay the mortgage, taxes, insurance, heat, electricity, basic telephone and trash removal at the marital residence. He also was to pay for food for the family, clothing for the minor children, school lunches, automobile insurance, parenting counseling fees, debts on his financial affidavit, with the exception of the PHIF utility loan, and four-fifths (4/5) of the family counseling bill.
The dissolution trial commenced on March 25, 1994, suspended pending a Family Relations custody study, resumed on August 15, 1994, and concluded September 1, 1994. The plaintiff's October 13, 1994 motion for modification was heard on November 3, 1994.
The dissolution judgment of the court (Leheny, J.) provided, inter alia, that the plaintiff father have custody of the parties' son, Alex, born December 30, 1980; Mark, born October 11, 1979; and Laura, born April 6, 1984.
The plaintiff was ordered to pay to the defendant the sum of $250 per week as unallocated alimony and child support until the defendant's remarriage, cohabitation, death of either party, or April 30, 1998. This order was retroactive to October 13, 1994, the date of the plaintiff's motion to modify the pendente lite orders. In making this order of unallocated alimony and support, the court specifically indicated that it was anticipated, based upon the plaintiff's experience and work history, that he would be gainfully employed in a comparable position in the near future. The orders entered were based upon a finding that the plaintiff's earning capacity was $40,000 per annum. CT Page 7774
At the time of this hearing, the plaintiff had been unemployed for approximately five months, receiving unemployment benefits of $300 per week from the State of New York. His attempts to find employment included interviews at Deep's Market, Anacona's and Hay Day, both in Greenwich and Ridgefield, the latter occurring the day prior to this hearing. He also supplemented his job search through the Connecticut state manpower office and by sending out resumes.
His last paycheck from his employment was received October 7, 1994. He received $1,100 by way of severance pay. His first unemployment check was received the last week in October, 1994. The plaintiff pays rent, which provides shelter not only for himself but for the parties' child, Alex, in the amount of $850 per month. His utilities are approximately $240 per month. His only health insurance benefits are through Title XIX, and on November 30, 1994, he deeded his interest in the marital home to the State of Connecticut.
At the time of the dissolution trial, the defendant worked approximately fifteen (15) hours a week at the rate of $9.61 per hour. During the course of the trial, she increased her hours slightly and indicated that she could work more hours. In the memorandum of decision, the court (Leheny, J.) specifically found that the defendant's gross earning capacity was approximately $17,000 per year based on a thirty-five (35) hour work week. At the time of this hearing, the defendant reflected gross weekly earnings of $150 on her financial affidavit, or an annual salary of $7,800.
After considering all of the evidence, the court makes the following orders:
1. An unallocated support and alimony arrearage is found in the amount of $4,750.
2. No finding of contempt is made at this time.
3. Effective February 21, 1995, the motion to modify is granted as follows:
 A. The plaintiff shall pay to the defendant the sum of one ($1) dollar per year alimony.
B. Based upon the plaintiff's unemployment income of $300 CT Page 7775 and the defendant's stated income of $137, after state and federal withholding, under the current custodial situation, pursuant to the guidelines, the plaintiff should pay to the defendant the sum of $112 toward the support of Mark and Laura, and the defendant should pay to the plaintiff the sum of $34 toward the support of Alex. As this is a split custody situation, the above amounts are set-off, and the plaintiff is ordered to pay to the defendant the sum of $78 per week as child support.
 C. The plaintiff shall pay to the defendant the sum of $5 per week toward the arrearage.
Dennis, J.